UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JACOB M. BELL, SR.** | **CIVIL ACTION NO. 6:12-cv-1769** |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN, ST. MARY PARISH** | |
| **LAW ENFORCEMENT CENTER** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jacob M. Bell, Sr. filed the instant petition for writ of *habeas corpus* on June 15, 2012. When he filed the petition he was a detainee in the custody of the St. Mary Parish Sheriff awaiting trial in the Sixteenth Judicial District Court, St. Mary Parish, on charges of fourth offense driving while intoxicated (DWI). He claimed that his statutory right to a speedy trial was violated and he sought dismissal of the charges and release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as moot and for failing to state a claim for which relief may be granted.

*Background*

On December 8, 2011 petitioner was arrested and charged with DWI. On December 9, 2011 he was judicially interrogated and advised of the charges pending against him. He advised the court of his intention to retain counsel and his bond was then set at $100,000. [Doc. 7-1, p. 3, Court Minutes 16th JDC, Case No. 2012-187773] On March 6, 2012 petitioner appeared in Court and requested appointment of counsel. His request was granted and he was arraigned on a

charge of DWI Fourth Offense; he pled not guilty, and was fixed for trial on June 11, 2012. [Doc. 7-1, p. 4, Court Minutes] Thereafter petitioner sought writs in the First Circuit Court of Appeals and on June 20, 2012 the First Circuit denied writs having determined that petitioner was represented by counsel and that his various *pro se* motions were scheduled for hearing on June 27, 2012. *State v. Bell*, 2012-KW-0532. [Doc. 7-1, p. 8] On June 27, 2012, the State filed an amended Bill of Information charging petitioner with DWI Third Offense. [Doc. 7-1, p. 6] On August 1, 2012 petitioner filed a writ application in the Louisiana Supreme Court seeking the dismissal of the bill of information. [Doc. 7-1, pp. 9-17] On August 8, 2012 the Supreme Court returned petitioner's pleadings to him unfiled with the notation that his case was fixed for trial on August 27, 2012. [Doc. 7-1, p. 18] Thereafter petitioner filed additional *pro se* pleadings seeking production of various documents and the audio tapes of his Court appearances. His motions were denied by the District Court and the Court of Appeals. On September 24, 2012 a writ application assigned Docket Number 2012-KW-1334 was denied by the First Circuit Court of Appeals. [Doc. 20-3, p. 12] On that date he filed another writ application in the Louisiana Supreme Court. [Doc. 20-3, pp. 16-20] On October 12, 2012 his writ application was denied as moot by the Supreme Court. *State of Louisiana ex rel. Jacob M. Bell, Sr. v. State of Louisiana*, 2012-KH-1990 (La. 10/12/2012) at Doc. 20-3, p. 21.

     On January 22, 2013 petitioner's Speedy Trial Motion was taken up. According to the Court minutes, "The Court dictated a case history for the record. The Court ... granted the defendant's motion for Speedy Trial and noted for the record that the case was presently fixed for trial on March 5, 2013 at 9 a.m. ... The defendant was then arraigned on the amended Bill of Information filed December 7, 2012 on the charge of Driving While Intoxicated Fourth

2

Offense..." [Doc. 16-1, p. 9]

Petitioner went to trial on March 8, 2013 and was found guilty as charged of DWI Fourth Offense; sentencing has been scheduled for another date.[1]

Petitioner filed his original petition for *habeas corpus* on June 15, 2012 in the United States District Court for the Middle District of Louisiana. In due course it was transferred to this Court.  Petitioner asks this Court "... to order 16th Judicial District Court to grant relief under Code of Criminal Procedure Art. 701(B) – Motion to Quash (Speedy Trial) see U.S. Supreme Court – Speedy Trial, time between arrest and indictment or information..." [Doc. 1] In his first amended petition filed on August 24, 2012 he asked for "dismissal of the indictment or a hearing by a magistrate judge if a trial before your ruling ..." [Doc. 7] Petitioner has filed several letters and documents with the Court since March 8, 2013 but failed to mention the fact of his trial and conviction. [See Docs. 16, 17, and 20].

## *Law and Analysis*

When he filed this *habeas corpus* petition, petitioner was a pre-trial detainee who was challenging a then pending Louisiana state court criminal prosecution on the grounds that his statutory rights to a speedy trial were being violated.  Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a

---

[1] The *pro se* screening clerk contacted the Criminal Minute Clerk in the St. Mary Parish Clerk of Court's Office and was provided this information on June 18, 2013.

petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

Notwithstanding the fact that a federal court may exercise jurisdiction over a pre-trial *habeas* petition filed pursuant to Section 2241, a federal court should nevertheless abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493, 93 S.Ct. 1123, 1129; *Dickerson,* 816 F.2d at 225-226. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective <u>is normally not attainable through federal *habeas corpus*</u>, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

It clearly appears from the pleadings filed herein that throughout these proceedings petitioner sought nothing other than the dismissal the charges pending in the Sixteenth Judicial District Court and his immediate release from the custody of the St. Mary Parish Law Enforcement Center, relief he was not entitled to under either Louisiana's Speedy Trial law[2] or federal *habeas corpus* law as outlined above.

Furthermore, it appears that his Motion for Speedy Trial was in fact granted and he was tried within the delays allowed by law. [Doc. 16-1, p. 9] Therefore, petitioner's speedy trial claim was rendered moot when the District Court granted his motion and tried him. *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir.1993); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** as moot and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

---

[2] A violation of La. C.Cr.P. art. 701 does not result in the dismissal of charges and cessation of prosecution, but rather the release of the defendant from custody and the discharge of any bond obligation.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lafayette, Louisiana June 18, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE